**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LALTITUDE LLC,<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>CODE RED NOVELTIES LLC,<br><br>            **Defendants.** | Civ. Case No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

LALTITUDE LLC, d/b/a PicassoTiles (referred to hereinafter as "Laltitude" or "Plaintiff"), hereby sues brings the following complaint for patent infringement against Defendant Code Red Novelties LLC ("Code Red" or "Defendant") for willful infringement of Laltitude's U.S. Design Patent No. 789,312 S (the "'D312 Patent"). In support of its claims, Plaintiff alleges as follows:

## PARTIES

1.      Plaintiff, Laltitude, is a Limited Liability Company organized under the laws of the State of California and having its principal place of business at 17128 Colima Road, Hacienda Heights, California 91745.

2.      Plaintiff is the owner and sole authorized manufacturer of products embodying the D312 Patent under the brand names "PicassoTiles" or "Everplay."

3.      Defendant is a limited liability company incorporated in the state of New York, with a principle place of business at 15 West 34th Street, New York, New York 10001. Defendant makes, uses, offers for sale, sells, and/or imports into the United States products, such as Magnetic Tiles Primary Color Set, through distributors, such as TJ-Max.

1



## NATURE OF THE ACTION

4.      This action involves claims for patent infringement under 35 U.S.C. §§ 271 *et seq*. arising from the infringement of the D312 Patents, including, without limitation, by manufacturing, advertising, marketing, promoting, distributing, making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, of unlicensed Defendants' Products that copy Plaintiff's D312 Patented technologies and infringe the D312 Patent.

## JURISDICTION AND VENUE

5.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 28 U.S.C. § 1338(a) as an action arising out of violations of the Patent Act; pursuant to 28 U.S.C. § 1332, as there is

diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

6.    Personal jurisdiction exists over Defendants in this district, pursuant to New York's Long-Arm Statute, N.Y. C.P.L.R. § 302, or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York, and/or derives substantial revenues from its business transactions in New York and/or otherwise avails themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's illegal infringing actions caused injury to Plaintiff in New York such that Defendant should reasonably expect such actions to have consequences in New York. For example, upon information and belief, Defendant maintains accounts with funds at least for their infringing sales activities, wherein such accounts are maintained in the state of New York.

7.    Venue is proper under *inter alia* U.S.C. § 1391 because Defendant resides in New York state, including within this judicial district.

## THE D312 PATENT

8.    On June 13, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Design Patent No. D789,312 S1, entitled "Single Magnetic Brick," to Howard Wang (the "D312 Patent").

9.    Plaintiff is the named assignee of, owns all right, title, and interest in, and has standing to sue for infringement of the D312 Patent.  A copy of the D312 Patent is attached hereto as Exhibit A.

10.    On January 8, 2025, the USPTO certified the D312 Patent as patentable over several newly discovered pieces of prior art, all of which the USPTO determined did not raise a substantial new question of patentability as to the D312 Patent claim.  A copy of the January 8, 2025

Supplemental Examination Certificate in USPTO Control No. 96/050,061 is attached hereto as Exhibit B.

11.    On January 8, 2025, the USPTO also certified the D312 Patent as patentable over other newly discovered pieces of prior art, all of which the USPTO determined did not raise a substantial new question of patentability as to the D312 Patent claim.  A copy of the January 8, 2025 Supplemental Examination Certificate in USPTO Control No. 96/050,062 is attached hereto as Exhibit C.

12.    On April 2, 2025, the USPTO yet again certified the D312 Patent as patentable over additional pieces of prior art, all of which the USPTO again determined did not raise a substantial new question of patentability as to the D312 Patent claim.  A copy of the April 2, 2025 Supplemental Examination Certificate in USPTO Control No. 96/050,079 is attached hereto as Exhibit D.

13.    As the USPTO has found on four (4) separate occasions, the D312 Patent is directed to a clearly unique ornamental design for a single magnetic brick, as shown and described in the seven figures of the D312 Patent, which are reproduced below:



FIG. 1

FIG. 2

FIG. 6

FIG. 7



FIG. 3   FIG. 4   FIG. 5

14. No license or other rights to the D312 Patent has been granted to any Defendant in this action.

15. Plaintiff has provided constructive notice of the D312 Patent as required by 35 U.S.C. § 287.

16. Plaintiff currently sells products and offers products for sale that embody the innovative D312 Patented designs on Amazon.com, Walmart.com, Target.com, BJ's Wholesale Price Club, Oriental Trading, Michaels Stores, and via its own website, www. Picassotiles.com. As illustrated in the chart below of Plaintiff's square magnetic brick product, the PicassoTiles product utilizes the ornamental design claimed in the D312 Patent:

| U.S. Design Patent No. D789,312 S | PicassoTiles Product No. 043 |
|---|---|
| Claim: The ornamental design for a single magnetic brick, as shown and described. ||
| Fig. 1 | |



5



Figs. 2, 3

Figs. 4-7

17.    Starting in 2015, Plaintiff used the D312 Patent to achieve gross revenues slightly below $1 million, and each year thereafter, has consistently utilized the D312 Patent to achieve gross revenues in the mid to high multiple millions of dollars.

18.    Plaintiff's sale and exploitation of the D312 Patented design has been an overwhelming commercial success and has created a new paradigm for the magnetic building brick toy industry.

19.     In the wake of Plaintiff's massive commercial success and market share, especially on web-based marketplaces such as Amazon.com where it is the number 1 best seller of magnetic brick products, many competitors entering the marketplace for magnetic toy products have chosen to copy Plaintiff's D312 Patent and its commercially successful and innovative D312 Patented designs to try and compete with Plaintiff and erode its prices to lure Plaintiff's customers away with inferior knock-offs.

**DEFENDANTS' WILLFUL PATENT INFRINGEMENTS**

20.     Defendant has offered and/or continues to offer for sale and/or selling Infringing Products in the United States and obtaining profits from such infringements in this jurisdiction and in violation of Plaintiff's D312 Patent rights.

21.     Upon information and belief, Defendant had actual knowledge of Plaintiff's ownership of the D312 Patent, of the fame, popularity and success of the PicassoTiles products and the D312 Patented designs contained within the same and willfully chose to offer for sale and continue selling Infringing Products. Defendant has been engaging in infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights.

22.     Defendant's products are magnetic bricks that are virtual identical copies of Plaintiff's D312 Patent-practicing products and the D312 Patent design claim, as set forth and shown below:



23.    Plaintiff is forced to file this action to combat the harm to its business caused by Defendant's infringement of the D312 Patent, as well as to protect its immense investments in its own patented products, customer goodwill, and prevent unknowing consumers from purchasing the Infringing Products sold by Defendant mistaking them to be under license or authority from Plaintiff.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION

### (Willful Infringement of United States Design Patent No. D789,312)

### [35 U.S.C. § 271]

24.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

25.    Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's well-known and prior rights in the D312 Patent, Defendant intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, offered for sale and/or sold their Infringing Products to the purchasing public in direct competition with Plaintiff, and has acted with reckless disregard of Plaintiff's rights in and to the D312 Patent through such activities.

26.    As demonstrated in the chart above, an ordinary observer, giving such attention as a purchaser usually gives to magnetic bricks, would find the design claimed by the D312 Patent to be substantially the same as the Infringing Product depicted in that chart because the resemblance of the Infringing Product to the D312 Patent's claimed design is such as to deceive such an observer to purchase the Infringing Product supposing it to be Plaintiff's D312 Patent design.

27.    Because the designs of each of the Infringing Products are so substantially similar to those claimed that they would deceive an ordinary observer to purchase the Infringing Products

8

due to its similarity and likeness to Plaintiff's patented products and the D312 Patent designs they embody, each of the Infringing Products infringe Plaintiff's D312 Patent.

28.    As a direct and proximate consequence of Defendant's infringement of the D312 Patent, Defendant has caused substantial monetary loss and irreparable harm and damage to Plaintiff, its business, its reputation and impairment of its valuable rights in and to the D312 Patent.

29.    Based on Defendant's actions as alleged herein, Defendants have had actual knowledge of the D312 patent, or willfully blinded themselves from knowledge of the same, and their infringement thereof and did nothing to stop its blatant use, copying, and infringement of Plaintiff's intellectual property. Accordingly, Defendant's concealed and rampant infringement of the D312 Patent is willful, and Plaintiff is entitled to treble damages as provided by 35 U.S.C. § 284.

## DEMAND FOR A JURY TRIAL

30.    Plaintiff respectfully requests a jury trial in this action on all issues so triable.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief against Defendant:

A.    Judgment in Plaintiff's favor against Defendant on all causes of action alleged herein;

B.    A temporary restraining order curtailing Defendant's infringing activities and freezing all assets and use of merchant storefronts to continue infringing the D312 Patent;

C.    A preliminary and permanent injunction to enjoin Defendant, its agents, servants, employees, attorneys, successors and assigns, and all persons, firms, and corporations acting in concert with the same, including distributors, customers, from making, using, offering for sale, or selling processes and products made thereby and which are claimed in the D312 Patent;

D.    A finding that Defendants' infringement of the D312 Patent to be willful;

E.    An injunction against Defendants directing the removal and destruction of all unauthorized products and combinations of products made using the D312 Patent designs;

9

F.    An Order mandating Defendants to pay Plaintiff compensatory damages based on evidence submitted at trial with interest at the highest rate allowable by law;

G.    An Order mandating Defendants to pay Plaintiff consequential, exemplary, and actual damages or disgorgement of Defendants' profits unjustly obtained based on competent and admissible evidence at trial with interest at the highest rate allowable by law;

H.    An Order mandating Defendants to pay Plaintiff enhanced damages;

I.    An Order mandating Defendants to pay Plaintiff's reasonable attorneys' fees and allowable court costs and expenses; and

J.    All other such relief to Plaintiff under law and equity as the Court deems just and proper.


DATED this 7th day of July, 2026.



By:  s/ Joseph A. Farco, Esq.
Joseph A. Farco, Esq. (JF2181)
BOCHNER PLLC
1040 6th Avenue, 15th Floor
New York, NY 10018
Tele. No.: 646-971-0685
JFarco@bochner.law
Attorneys for Plaintiff, Laltitude LLC