**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LALTITUDE LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CODE RED NOVELTIES LLC,<br><br>Defendant and Counterclaim Plaintiff. | Case No. 1:26-cv-05764-LGS<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>So Ordered.<br><br>Dated: October 22, 2026<br>New York, New York |

LORNA G. SCHOFIELD, United States District Judge:

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

WHEREAS, Plaintiff and Counterclaim Defendant Laltitude LLC ("Laltitude") and Defendant and Counterclaim Plaintiff Code Red Novelties LLC ("Code Red") (each a "Party" and together the "Parties") anticipate that discovery in this action (the "Action") will require the production of confidential and proprietary business information, including product design and development materials, manufacturing and sourcing information, supplier and customer information, and non-public sales, cost, pricing, and profit information;

WHEREAS, the Parties, through counsel, have agreed to the terms of this Stipulated Protective Order (the "Order") and request that the Court enter it pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Court finds that good cause exists for entry of this Order to protect such information from unnecessary disclosure;

IT IS HEREBY ORDERED that any person subject to this Order, including the Parties, their counsel, and all persons who receive Protected Material (as defined below), shall adhere to the following terms:

**1. DEFINITIONS**

(a) "Discovery Material" means all information, documents, electronically stored information, testimony, and tangible things produced, disclosed, or generated in this Action, whether by a Party or a Non-Party, including through initial disclosures, contentions, document productions, interrogatory answers, responses to requests for admission, deposition testimony, and expert reports.

(b) "Producing Party" means a Party or Non-Party that produces Discovery Material. "Receiving Party" means a Party that receives Discovery Material. "Designating Party" means a Party or Non-Party that designates Discovery Material under this Order.

(c) "Protected Material" means Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," together with all copies, excerpts, summaries, and compilations of it, and any testimony or argument that would reveal its contents.

(d) "Outside Counsel of Record" means attorneys who are not employees of a Party, who have appeared or have a pro hac vice application pending to appear in this Action on behalf of a Party, or who are affiliated with a law firm that has appeared on behalf of a Party, together with their paralegals, staff, and contracted litigation support personnel to whom disclosure is reasonably necessary.

(e) "Expert" means a person with specialized knowledge or experience who has been retained by a Party or its counsel to serve as a testifying expert or non-testifying consultant in this Action, and who is not a current or anticipated employee, officer, director, or member of a Party or of a competitor of a Party.

(f) "Non-Party" means any natural person or entity that is not a Party, including retailers, distributors, manufacturers, and suppliers from whom discovery is sought.

## 2. SCOPE

This Order governs all Protected Material produced or disclosed in this Action. It does not restrict a Party's use or disclosure of its own Protected Material, or of information that (i) is or becomes publicly available through no violation of this Order, (ii) was lawfully in the Receiving Party's possession before disclosure without an obligation of confidentiality, or (iii) is lawfully obtained by the Receiving Party from a source not under an obligation of confidentiality to the Designating Party.

## 3. DESIGNATION OF PROTECTED MATERIAL

(a) CONFIDENTIAL. A Producing Party may designate as "CONFIDENTIAL" Discovery Material that it reasonably and in good faith believes contains non-public business, commercial, financial, technical, or personal information that is protectable under Federal Rule of Civil Procedure 26(c).

(b) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. A Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material that it reasonably and in good faith believes is so commercially sensitive that its disclosure to another Party, even under the restrictions applicable to CONFIDENTIAL material, would create a substantial risk of competitive harm. Such material may include non-public sales, unit, revenue, cost, pricing, margin, and profit information; supplier, manufacturer, and customer identities and terms; unreleased product designs and development materials; and business and marketing plans.

(c) Manner of Designation. Documents shall be designated by marking each page with the applicable legend. Documents produced in native format shall be designated by including the legend in the file name or on an accompanying slip sheet. Tangible things shall be designated by affixing the legend to the item or its container where practicable.

(d) Depositions. Deposition testimony may be designated on the record or by written notice to all Parties within thirty (30) days after the final transcript is received, identifying the designated pages and lines. Until that period expires, the entire transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Persons not authorized to receive designated testimony shall be excluded from the deposition during that testimony.

(e) Inadvertent Failure to Designate. An inadvertent failure to designate, or an incorrect designation, does not waive the Producing Party's right to designate. Upon written notice of a corrected designation, the Receiving Party shall treat the material according to the corrected designation, make reasonable efforts to retrieve any copies disclosed to persons not authorized to receive it, and inform those persons of the corrected designation.

(f) Restraint. Each Designating Party shall designate only material that qualifies for protection and shall avoid blanket or indiscriminate designations.

**4. ACCESS TO CONFIDENTIAL MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose CONFIDENTIAL material only to:

(a) Outside Counsel of Record;

(b) officers, directors, members, or employees of the Receiving Party (including in-house counsel) to whom disclosure is reasonably necessary for this Action, provided that each has signed the Acknowledgment attached as Exhibit A;

(c) Experts, and their necessary staff, who have signed Exhibit A and as to whom no unresolved objection exists under Paragraph 6;

(d) the Court, its personnel, and any jury;

(e) court reporters, videographers, and their staff;

(f) professional litigation support vendors, including copying, imaging, e-discovery, translation, graphics, and jury or trial consultants, who have signed Exhibit A on behalf of their organization;

(g) any mediator or settlement officer, and supporting staff, mutually agreed upon by the Parties or appointed by the Court;

(h) any author, addressee, or recipient of the material, or any person who otherwise lawfully knows the information it contains; and

(i) during their depositions, witnesses who are current employees of the Designating Party, or former employees who had access to the material during their employment.

**5. ACCESS TO HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material only to the persons identified in Paragraphs 4(a) and 4(c) through 4(i). Such material shall not be disclosed to any officer, member, or employee of the Receiving Party.

**6. DISCLOSURE TO EXPERTS**

Before disclosing Protected Material to an Expert, the Receiving Party shall serve on the Designating Party a written notice that includes (i) the Expert's name, business address, and current employer; (ii) a current curriculum vitae; (iii) all persons or entities from whom the Expert has received compensation for work in his or her areas of expertise, or to whom the Expert has provided professional services, during the preceding four (4) years; (iv) all litigation in which the Expert has testified at deposition or trial during the preceding four (4) years; and (v) a copy of Exhibit A signed by the Expert. The Designating Party may object in writing within seven (7) days after service, stating the grounds for the objection with particularity. No Protected Material shall

be disclosed to the Expert until the objection is resolved. The Parties shall meet and confer in good faith, in person or by telephone, within five (5) days of an objection. If they cannot resolve it, the objecting Party may, within ten (10) days after the meet and confer, file a letter motion for a pre-motion discovery conference in accordance with Rule III.C.3 of the Court's Individual Rules and Procedures and Local Civil Rule 37.2, and bears the burden of showing that the risk of harm from disclosure outweighs the Receiving Party's need to disclose the material to its chosen Expert. If the objecting Party does not timely seek relief, the objection is waived.

**7. USE OF PROTECTED MATERIAL**

Protected Material shall be used solely for prosecuting, defending, or attempting to settle this Action, including any appeal, and for no other purpose, including any business, competitive, marketing, product-design, or regulatory purpose, or any other litigation or proceeding. Nothing in this Order prevents counsel from rendering advice to their clients in this Action in reliance on Protected Material, provided that counsel does not disclose the substance of Protected Material except as this Order permits. Each Receiving Party shall store and maintain Protected Material in a secure manner that limits access to persons authorized under this Order.

**8. CHALLENGES TO DESIGNATIONS**

A Party may challenge a designation at any time. Unless a prompt challenge to a designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a designation by not doing so promptly after the original designation. The challenging Party shall identify the challenged material and the basis for the challenge in writing, and the Parties shall meet and confer in good faith, in person or by telephone, within seven (7) days. If the Parties cannot resolve the dispute, the challenging Party may file a letter motion for a pre-motion

discovery conference in accordance with Rule III.C.3 of the Court's Individual Rules and Procedures and Local Civil Rule 37.2. The Designating Party bears the burden of establishing that the challenged designation is proper. Until the Court rules, the material shall continue to be treated as designated.

**9. FILING UNDER SEAL**

Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

**10. USE AT HEARINGS AND TRIAL**

This Order does not govern the use of Protected Material at any hearing or at trial. A Party that intends to present Protected Material at a hearing or at trial shall give reasonable advance notice to the Designating Party, and the Parties shall meet and confer regarding appropriate procedures, which may be raised with the Court.

**11. SUBPOENAS AND ORDERS IN OTHER PROCEEDINGS**

If a Receiving Party is served with a subpoena, document request, or court order issued in another proceeding that seeks another Party's or a Non-Party's Protected Material, the Receiving Party shall (i) promptly notify the Designating Party in writing, and in no event later than ten (10) days after receipt, enclosing a copy of the subpoena, request, or order; (ii) promptly notify the issuing party that some or all of the material sought is subject to this Order; and (iii) cooperate with any reasonable effort by the Designating Party to seek protection. The Receiving Party shall not produce the Protected Material before the deadline for compliance, unless ordered to do so by a court of competent jurisdiction. Nothing in this Order authorizes a Receiving Party to disobey a lawful order of another court.

**12. UNAUTHORIZED DISCLOSURE**

If a Receiving Party learns that Protected Material has been disclosed to any person or in any circumstance not authorized by this Order, it shall promptly (i) notify the Designating Party in writing of the disclosure and all pertinent facts; (ii) use its best efforts to retrieve all unauthorized copies; (iii) inform the persons to whom the unauthorized disclosure was made of the terms of this Order; and (iv) request that those persons sign Exhibit A.

**13. PRIVILEGED MATERIAL AND FEDERAL RULE OF EVIDENCE 502(d)**

(a) The Parties have entered into a non-waiver agreement pursuant to Federal Rule of Evidence 502(e), the terms of which are set forth in this Paragraph. Pursuant to Federal Rule of Evidence 502(d), except when a Party intentionally waives attorney-client privilege or work-product protection by disclosing such information to an adverse party as provided in Federal Rule of Evidence 502(a), the disclosure of attorney-client privileged or work-product protected information pursuant to the Parties' non-waiver agreement does not constitute a waiver in this proceeding, or in any other federal or state proceeding. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of ESI pursuant to the Parties' non-waiver agreement.

(b) A Party that produces attorney-client privileged or work-product protected information to an adverse party without intending to waive the privilege or protection shall promptly notify the adversary in writing that it did not intend a waiver by its disclosure. Within five (5) business days after such notice, the Receiving Party shall return, sequester, or destroy all copies of the identified material, including any notes or work product reflecting its contents, and shall not use or disclose the material until any dispute over the claim is resolved. Within ten (10) business days after the notice, the Producing Party shall provide a privilege log for the material.

(c) Any dispute regarding whether the disclosing Party has properly asserted the attorney-client privilege or work-product protection shall be brought promptly to the Court, in

accordance with Rule III.C.3 of the Court's Individual Rules and Procedures and Local Civil Rule 37.2, if the Parties are not themselves able to resolve it.

**14. NON-PARTY MATERIAL**

A Non-Party producing Discovery Material in this Action may designate that material under this Order and shall have the same rights and obligations as a Producing Party with respect to that material. A Party serving a subpoena on a Non-Party shall include a copy of this Order with the subpoena. A Party may also designate Discovery Material produced by a Non-Party that contains the Party's own confidential information by written notice to all Parties within twenty-one (21) days after the material is produced; until that period expires, such Non-Party material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**15. DURATION AND FINAL DISPOSITION**

The obligations of this Order shall survive the final termination of this Action. Within sixty (60) days after final termination of this Action, including the exhaustion of all appeals, each Receiving Party shall return all Protected Material to the Producing Party or destroy it, and shall certify in writing to the Producing Party that it has done so. Notwithstanding this Paragraph, Outside Counsel of Record may retain one archival copy of all pleadings, motion papers, written discovery, transcripts, exhibits, expert reports, correspondence, legal memoranda, and attorney work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

**16. MISCELLANEOUS**

(a) Nothing in this Order shall be construed as an admission or agreement that any Discovery Material is relevant, admissible, or confidential, or as a waiver of any objection to the production of any Discovery Material.

(b) Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, or to apply to the Court for additional protection. The Parties may agree in writing to modify the obligations of this Order as to particular material without further order of the Court.

(c) The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce its obligations and to impose sanctions for any violation.

**17. COURT'S DISCRETION**

The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

Dated: October 21, 2026

BOCHNER PLLC

By: *<u>/s/ Joseph. A Farco</u>*
Joseph A. Farco
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(212) 506-6143
jfarco@bochner.law

Priya S. Dalal
(646) 971-0685
pdalal@bochner.law
*Pro Hac Vice Admission Forthcoming*

*Attorneys for Plaintiff and Counterclaim Defendant Laltitude LLC*

Dated: October 21, 2026

McGEARY CUKOR LLC

By: *<u>/s/ Michael Cukor</u>*
Michael Cukor
1460 Broadway
New York, NY 10036
mcukor@mcgearycukor.com

FINN IP LAW, PC
Jeffrey A. Finn
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064
jeff@finniplaw.com
*Pro Hac Vice Admission Forthcoming*

*Attorneys for Defendant and Counterclaim Plaintiff Code Red Novelties LLC*

SO ORDERED.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, __________________________________[print full name], of _____________________________________________________________________________ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Southern District of New York in Laltitude LLC v. Code Red Novelties LLC, No. 1:26-cv-05764-LGS (the "Order").

I agree to comply with and be bound by all terms of the Order. I understand that any failure to comply may expose me to sanctions and punishment for contempt of court. I will not disclose any Protected Material to any person or entity except in strict compliance with the Order, and I will use Protected Material solely for purposes of this Action.

At the conclusion of my involvement in this Action, I will return or destroy all Protected Material that came into my possession, together with all notes, summaries, and other documents reflecting it, as directed by the counsel who provided it to me.

I submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Order, even if enforcement proceedings occur after termination of this Action.

Date: ______________________

City and State where signed: ______________________

Printed name: ______________________

Signature: ______________________